UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNCIATIONS OF NORTHEASTERN CONNECTICUT, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:02cv00972(AWT) |
| v. | : : | |
| LINDA LANDRY, | : : | |
| Defendant. | : | SEPTEMBER 22, 2004 |

PETITION FOR EXAMINATION OF JUDGMENT DEBTOR

Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications of Western Connecticut ("Charter") moves, pursuant to Fed. Rule Civ. Pro. 69 and Conn. Gen. Stat. § 52-397, for an order compelling Defendant Linda Landry to appear in court to be examined under oath concerning any property and means of paying the judgment rendered against her by this Court on April 30, 2003.

"In proceedings on and in aid of execution" of a judgment, Fed. Rule. Civ. Pro 69 explicitly adopts the procedure of the state in which the District Court sits.  More specifically, Fed. Rule Civ. Pro. 69, explicitly adopts state court procedures permitting the judgment creditor "to obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in

which the district court is held." Thus, Connecticut state law governs post-judgment discovery in this matter.

Connecticut state law permits a judgment creditor to obtain discovery regarding the location of the judgment debtor's assets. See Conn. Gen. Stat. § 52-351b. A judgment creditor must commence the post-judgment discovery procedures by first serving Post-Judgment Interrogatories. Conn. Gen. Stat. § 52-351b(a). These Post-Judgment Interrogatories may be served on the judgment debtor, a financial institution, or on any third party the judgment creditor reasonably believes may have assets of the judgment debtor. These Interrogatories are in a form prescribed by the State of Connecticut Judicial Branch, and are to be served by certified mail, return receipt requested. Id. "The person to whom interrogatories are directed shall answer the interrogatories and return them to the judgment creditor within thirty days. . . ." Id.

If that person fails to answer the Post-Judgment Interrogatories, Connecticut law provides that the judgment creditor may seek to examine the judgment debtor under oath in court. Specifically, Conn. Gen. Stat. § 52-397 provides:

> Any judgment debtor, an execution against who has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment . . . .

Here, Charter served upon Defendant Linda Landry post-judgment interrogatories on December 11, 2003. (A copy of the Interrogatories and the post office certification card are

attached hereto as Exhibit A.) Defendant, however, has failed to respond to those Interrogatories within thirty (30) days. Accordingly, Charter petitions this Court, in accordance with Connecticut state law, for an order compelling Defendant to appear in Court as soon as practicable to testify under oath regarding her assets and means of satisfying the judgment.

## CONCLUSION

For all the foregoing reasons, Charter's Petition should be granted.

PLAINTIFF - CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS OF NORTHEASTERN CONNECTICUT

By    /s/
    Burton B. Cohen - ct00273
    Kari L. Olson – ct19481

Murtha Cullina LLP
CityPlace I – 185 Asylum Street
Hartford, Connecticut  06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
E-mail:  bcohen@murthalaw.com
       kolson@murthalaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Examination of Judgment Debtor was mailed first-class, postage prepaid, on this the 22nd day of September, 2004 as follows:

Linda Landry
3 Boulder Lane
Mansfield Center, CT 06250

                                                /s/
                                    Kari L. Olson – ct19481